

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-30-2008

# Aardvark Child Care v. Concord

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2096

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

## Recommended Citation

"Aardvark Child Care v. Concord" (2008). *2008 Decisions*. Paper 777.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/777

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2096
_____

AARDVARK CHILD CARE
AND LEARNING CENTER, INC.;
JOANNE DRINKARD;
FRANCIS T. GREISER;
MARIAN K. GREISER

v.

THE TOWNSHIP OF CONCORD; JOHN W. CORNELL,
In His Individual And Official Capacity
As Township Manager Through 2002;
ROBERT WILLARD, In His Individual And Official Capacity
As Township Manager Through 2003;
CHAD W. INGRAM, In His Individual And Official Capacity
As Township Engineer;
MANOS KAVADIAS, In His Individual And Official Capacity
As Code Enforcement Officer;
JOHN F. ALEXANDER, In His Individual And Official Capacity
As A Township Zoning Officer;
PENNONI ASSOC INC, In Their Official Capacity
As The Township's Traffic Engineering Consultants;
RONALD C. MOORE, JR., In His Individual And Official Capacity
As An Employee Of Pennoni Associated Inc.;
FREDRICK FIELD, In His Individual And Official Capacity
As The Townships Fire Marshall

*TERRY ELIZABETH SILVA and SILVA & ASSOCIATES,P.C.,

Appellants
*(Pursuant to Rule 12(a), FRAP)

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 03-cv-05249)
District Judge: Honorable James T. Giles
_____

Submitted Under Third Circuit LAR 34.1(a)
on June 30, 2008

Before: RENDELL, SMITH, and FISHER, Circuit Judges.

(Filed:  July 30, 2008)

_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

Although they are not parties in the underlying action, the appellants in this case are Terry Silva and her law firm, Silva & Associates, P.C. (collectively "Silva").  Silva represented Aardvark Child Care and Learning Center, Inc., Joanne Drinkard, Francis Greisser, and Marian Greisser (collectively "Aardvark") in their civil rights suit against the Township of Concord, John Alexander, John Cornell, Frederick Field, Chad Ingram, Manos Kavadias, Ronald Moore, Robert Willard, and Pennoni Associates, Inc. (collectively "the Township").  Aardvark and the Township are the appellees.  Silva is appealing from a pair of District Court orders denying three motions that she filed against the Township, Aardvark, and Ronald Surkin, the attorney who succeeded her as

2

Aardvark's counsel. For the reasons that follow, we will remand to the District Court for resolution of a pending motion for sanctions pursuant to Federal Rule of Civil Procedure 11, on which at least part of Silva's appeal depends.

Aardvark filed a lawsuit against the Township in the United States District Court for the Eastern District of Pennsylvania, pursuant to 42 U.S.C. § 1983, alleging that certain land use decisions discriminated against Aardvark based on the racial makeup of its clients. The Township filed (1) a motion for summary judgment; (2) a motion for attorneys' fees pursuant to 42 U.S.C. § 1988; and (3) a Rule 11 motion for sanctions against Aardvark and Silva, alleging that the § 1983 suit was frivolous. The District Court granted the Township's motion for summary judgment on the § 1983 suit, and, as per Aardvark's instructions, Silva then prepared and filed an appeal. Aardvark hired different counsel, Ronald Surkin, to represent it as to the Township's pending fee and sanctions motions.

The District Court scheduled a hearing on the Township's fee motion against Aardvark and the Township's sanctions motion against both Aardvark and Silva, but cancelled it at the last minute in order to give Silva, Aardvark, and the Township another opportunity to negotiate a global settlement. The Township and Aardvark settled all of the claims between them (i.e., Aardvark's § 1983 suit against the Township pending on appeal and the Township's fee and sanctions motions against Aardvark). Silva was not a party to this settlement, but alleges that she, the Township, and Aardvark had previously

agreed on the outline of a settlement that included payment to Silva of a portion of her outstanding legal fees and the dismissal of the Township's Rule 11 motion pending against Silva.

Silva filed three motions, two before the Township and Aardvark reached their settlement and one after. The first motion asked the District Court to issue sanctions against Aardvark and Surkin, pursuant to 28 U.S.C. § 1927, to require them to pay legal fees due to Silva for her representation of Aardvark. The second asked the Court to order the Township's counsel, pursuant to Rule 11(c), to pay the expenses that Silva incurred in defending against the Rule 11 motion that the Township filed against her. The third was a "Motion to Vacate Settlement or, in the Alternative, for Costs and Fees on Enforcement."

Before a ruling was issued on any of Silva's motions, Aardvark and the Township filed a "Stipulation of Voluntary Dismissal" with the District Court, asking the Court, pursuant to Federal Rule of Civil Procedure 41(a)(1), to "please dismiss the above-captioned action, by stipulation of the parties, with prejudice, with each party to pay its own fees and costs." (Supp. App. 3.) Similarly, before we issued any ruling as to Aardvark's merits appeal, Aardvark and the Township filed a "Notice of Voluntary Dismissal," asking us, pursuant to Federal Rule of Appellate Procedure 42(b), to "[p]lease dismiss the above-captioned appeal by agreement of the parties . . . with each

4

party to pay its own fees and costs." (Supp. App. 1.) Surkin, not Silva, represented Aardvark at this stage.

Subsequently, on January 18, 2007, the District Court issued an order denying Silva's three pending motions on jurisdictional grounds. The Court explained:

> The *parties* in the above captioned matter have filed with the Court a Stipulation of Voluntary Dismissal pursuant to [Rule] 41(a)(1). Attorney Silva is not a party to this action. The Court's jurisdiction is terminated after a stipulation of dismissal is entered by all *parties* to the action, and the Court lacks authority to impose a subsequent condition on a stipulated dismissal or the jurisdiction to reopen a dismissed case. [Rule] 41(a)(1)(ii). Thus, absent an agreement by the parties that it retain jurisdiction or some other independent basis for federal jurisdiction, the Court lacks the authority to review issues raised in a motion to vacate settlement or belatedly to impose costs and fees.

> By their mutual dismissal of all pending claims and contentions, the *parties* to the lawsuit terminated all section 1927 claims asserted, directly or indirectly, for or against the other, including the derivative claims of Plaintiffs' Attorney Silva against Defendants. Plaintiffs' separate settlement attorney is, for these purposes, the same as Plaintiffs.

> Finally, disputes as between Attorney Silva and her clients cannot be raised in this civil action.

(App. 611-12).

After Silva filed a motion for reconsideration, the District Court issued another order, on March 15, 2007, this one only addressing Silva's motions for fees and sanctions. The District Court "assume[d] discretionary jurisdiction" this time around but still ruled against Silva. (App. 615.) The Court explained:

> Being familiar with the global mediation efforts of the parties and Attorney Silva, the Court finds that the Silva Motion for Sanctions and Fees

5

is without merits. Attempts at a global resolution of all disputes and claims in, or arising from, the above-captioned matter under the mediation auspices of the Court, though unsuccessful, cannot be construed as Rule 11 violations or as a basis for Section 1927 sanctions. (The latter relates to undue multiplicity of proceedings, which has no applicability here.)

Attorney Silva's unreimbursed expenses arise solely from her representation of Plaintiffs, or her acceptance of the risk of rejecting a global resolution. In any event, she cannot transfer those costs over to Defendants under any legally cognizable theory.

(App. 615-16.)

Silva has appealed the District Court's denial of all three motions, arguing that the Court erred in a variety of ways. We, however, will only address the Court's denial of Silva's motion to recover the expenses that she incurred in defending against the Township's Rule 11 motion.

Rule 11(c) provides that "[i]f warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion."[1] At this juncture, however, it is impossible to determine whether Silva is the "prevailing party" because the District Court never resolved the Township's Rule 11 motion that is still

---

[1] Rule 11(c) read slightly differently prior to the non-substantive amendment that became effective December 1, 2007. *See* Fed. R. Civ. P. 11 advisory committee's notes ("The language of Rule 11 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only.")

6

pending against her.  Accordingly, we will remand for the District Court to resolve the Township's pending Rule 11 motion.[2]

Our recent opinion in *Gary v. Braddock Cemetery*, 517 F.3d 195 (3d Cir. 2008), counsels us to refrain from giving further consideration at this point to any of Silva's challenges to the District Court's orders.  Drawing on our decision in *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90 (3d Cir. 1988), we ruled in *Gary* that "district courts must resolve any issues about imposition of sanctions prior to, or contemporaneously with, entering final judgment." *Id.* at 201-02 & n.7.  Applying this principle to Silva's case, we conclude that the District Court must resolve the Township's pending Rule 11 motion before we may address any other issues.

---

[2] In contrast to the District Court's statement in its January 18, 2007 order, the Supreme Court has made clear that a court retains jurisdiction over sanctions motions even after the underlying action has been voluntarily dismissed pursuant to Rule 41(a). *See Cooter & Gell v. Hartmart Corp.*, 496 U.S. 384, 394-98 (1990).  Further, we note that when the District Court changed its mind upon reconsideration and exercised jurisdiction over Silva's Rule 11-based motion, it appears to have misconstrued the substance of that motion.  As recounted above, the District Court denied the motion because "attempts at a global resolution of all disputes and claims in, or arising from, the above-captioned matter under the mediation auspices of the Court, though unsuccessful, cannot be construed as Rule 11 violations." (App. 615.)  But Silva had not alleged that anyone had violated Rule 11.  Rather, she had moved to recover the expenses that she had incurred in defending against the Township's claim that *she* had violated Rule 11.  Thus, the District Court may wish to reconsider its ruling on Silva's motion once it resolves the Township's pending Rule 11 motion.

7

In light of the foregoing, we will REMAND for further proceedings consistent with this Opinion.

_____